205 P.3d 680

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eric Harold EWELL, Defendant–Appellant.**

**No. 35093.**

Court of Appeals of Idaho.

Jan. 13, 2009.

Review Denied April 16, 2009.

---

---

Van G. Bishop, Nampa, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Eric Harold Ewell appeals from his judgment of conviction for possession of sexually exploitative material with a sentence enhancement for being a repeat sexual offender. Specifically, Ewell challenges the denial of his two motions to dismiss the enhancement. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

■ Police found numerous sexually-explicit pictures of minors on a computer to which Ewell had access. One of the pictures was used by Ewell in a profile for an internet chat room. Ewell was arrested and charged with six counts of possession of sexually exploitative material, I.C. § 18–1507A, with a sentence enhancement for being a repeat sexual offender, I.C. § 19–2520G. The sentence enhancement statute mandates a fifteen-year minimum term of confinement for a crime requiring registration as a sex offender under I.C. § 18–8304 if the individual was previously convicted of such an offense in Idaho or of a substantially equivalent offense in another state. The information alleged that Ewell had been convicted of luring with a sexual motivation in the state of Washington. WASH. REV.CODE § 9A.40.090. Ewell filed a motion to dismiss the enhancement for being a repeat sexual offender because the previous Washington offense of luring with a sexual motivation, used to justify the enhancement, had no substantially equivalent Idaho counterpart that was included in the listed offenses of I.C. § 18–8304 requiring sex offender registration in Idaho.

After Ewell filed the motion to dismiss the sentence enhancement, the state amended the information to include other previous sexual offenses committed in Washington. These offenses included luring, luring with a sexual motivation, and communicating with a minor for immoral purposes. Ewell then filed another motion to dismiss the enhance-

ment for being a repeat sexual offender, arguing that I.C. § 19–2520G was unconstitutionally vague and inapplicable to the charge against him. The district court denied both of Ewell's motions, holding that I.C. § 19–2520G applied to Ewell because luring with a sexual motivation was substantially similar to the Idaho offenses of second degree kidnapping of an unrelated minor child and first degree kidnapping, both of which require sex offender registration in Idaho. Furthermore, the district court held that the statute was not unconstitutionally vague.

Ewell entered a conditional guilty plea to one count of possession of sexually exploitative material and admitted the enhancement for being a repeat sexual offender, specifically that he had previously been convicted in Washington of luring, luring with a sexual motivation, and communication with a minor for immoral purposes. The state dismissed the remaining counts of possession of sexually exploitative material. The district court sentenced Ewell to a unified term of twenty-five years, with a minimum period of confinement of fifteen years. Ewell appeals, challenging the district court's denial of his two motions to dismiss the enhancement for being a repeat sexual offender.

## II.

## ANALYSIS

**A. Washington Convictions Used as to Justify Enhancement under I.C. § 19–2520G**

Ewell argues that the district court erred in denying his motion to dismiss the sentence enhancement for being a repeat sexual offender because his prior Washington conviction of luring with a sexual motivation had no substantially equivalent counterpart in the listed offenses of I.C. § 18–8304 requiring sex offender registration. The district court analogized luring with a sexual motivation to the Idaho offense of second degree kidnapping of an unrelated minor child, I.C. § 18–4501(2), and held that such offense, if committed in Idaho, would have required sex offender registration. The district court thus concluded that the enhancement for being a

repeat sexual offender under I.C. § 19–2520G was justified.

■ We need not decide whether the district court's comparison of the Washington offense of luring with a sexual motivation with the Idaho offense of second degree kidnapping of an unrelated minor child is convincing. Even were we to assume error, the ruling could be affirmed on alternative grounds. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App. 1984).

Prior to the district court's ruling on Ewell's motion to dismiss the sentence enhancement, the state amended the information to include other prior Washington offenses, including communication with a minor for immoral purposes. WASH. REV.CODE § 9.68A.090. Ewell's motion makes no mention of the equivalency of this offense with any Idaho offense which would require sex offender registration and, thereby, invoke the penalty provisions of I.C. § 19–2520G. Ewell later admitted to his previous Washington convictions for luring, luring with a sexual motivation, and communication with a minor for immoral purposes when he pled guilty to the enhancement for being a repeat sexual offender, which was based on those three prior convictions. Ewell challenges the use of the conviction for luring with a sexual motivation to justify the enhancement under I.C. § 19–2520G, but does not challenge the relevance of the conviction for communication with a minor for immoral purposes in justifying the enhancement. In *State v. Goodwin*, 131 Idaho 364, 956 P.2d 1311 (Ct.App.1998), this Court refused to consider a challenge to an order denying a motion to suppress when the district court also pronounced an independent, alternative ground for its holding which was uncontested on appeal. Accordingly, the district court's denial of Goodwin's motion to suppress was affirmed on this alternative, uncontested ground. *Id.*, 131 Idaho at 367, 956 P.2d at 1314.

Ewell contends that using the other Washington offenses listed in the amended information to affirm the district court is improper because his motion to dismiss was based on allegations contained in the information before it was amended. However, it remains that the information was amended and, therefore, any deficiency in the original information is irrelevant. Therefore, Ewell has not shown that the district court erred in denying his motion to dismiss the enhancement for being a repeat sexual offender even if we assume that luring with a sexual motivation has no substantially equivalent Idaho counterpart.

## B. Applicability and Constitutionality of I.C. § 19–2520G

Ewell next argues that the enhancement for being a repeat sexual offender under I.C. § 19–2520G does not apply to his case because it requires a mandatory minimum sentence of fifteen years and, in this case, the underlying charge carries a maximum sentence of only ten years. Ewell further argues that this also makes I.C. § 19–2520G unconstitutionally vague. The state counters that Ewell has failed to provide any authority for his argument and, therefore, it should not be considered. Alternatively, the state contends that the legislative intent was to provide a longer penalty for repeat sexual offenders; therefore, the section applies to Ewell even if the underlying offense carried a maximum penalty for first-time offenders less than that of the enhanced penalty for repeat offenders. Additionally, the state argues that the statute is not vague, but clearly requires the district court to impose a minimum sentence of fifteen years for repeat offenders with discretion to impose a longer sentence only "as permitted by law." Accordingly, the state contends that the minimum sentence of fifteen years would also be the maximum sentence allowed by the statute for crimes which ordinarily carry a maximum penalty of less than fifteen years.

■ This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459,

462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation, which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

▮ First, we address Ewell's argument that I.C. § 19–2520G does not apply to him because the maximum sentence for possession of sexually exploitative material is only ten years. Ewell contends that other sentence enhancement statutes provide for extended sentences; whereas, the minimum sentence language of I.C. § 19–2520G makes it unique. However, why this fact makes I.C. § 19–2520G inapplicable to Ewell's offense is not explained.

Idaho Code Section 19–2520G generally provides a harsher penalty for repeat sexual offenders than the penalty provided for the underlying charge. The penalty for I.C. § 19–2520G is analogous to the enhancement provided for use of a firearm in the commission of a felony contained in I.C. § 19–2520. Concerning that enhancement, the Idaho Supreme Court held:

> Pursuant to I.C. § 19–2520 a person convicted of certain felonies is "liable to punishment in excess of that which might have been imposed upon him had he not used or possessed a firearm in the commission of the crime." *State v. Cardona*, 102 Idaho 668, 670, 637 P.2d 1164, 1166 (1981). This firearm enhancement is not a new offense, "but provides only for the imposition of additional punishment upon conviction of an offense in which a firearm was used." *State v. Smith*, 103 Idaho 135, 137, 645 P.2d 369, 371 (1982). According to the statutory language, admitting to a violation of I.C. § 19–2520 increases the maximum sentence authorized for the underlying crime. The firearm enhancement is not a separate sentence . . . and thus, it need not be separately reviewed.

*State v. Farwell*, 144 Idaho 732, 736, 170 P.3d 397, 401 (2007). Thus, Ewell's argument that the enhancement for being a repeat sexual offender cannot apply to him because it provides for a penalty greater than the maximum allowable penalty for the underlying charge is without merit.

▮ Next, we address Ewell's arguments that the language of I.C. § 19–2520G, when compared to other sentence enhancement statutes, means it cannot be a sentence enhancement or that it renders the section unconstitutionally vague. The legislative intent behind the enactment of I.C. § 19–2520G was clearly stated within the section:

> (1) . . . [T]he legislature intends to provide mandatory minimum sentences for repeat offenders who have previously been found guilty of or pleaded guilty to child sexual abuse. . . . [S]exual exploitation of children constitutes a wrongful invasion of a child and results in social, developmental and emotional injury to the child. It is the policy of the legislature to protect children from the physical and psychological damage caused by their being used in sexual conduct. In order to protect children from becoming victims of this type of conduct by perpetrators, it is necessary to provide the mandatory minimum sentencing format contained in subsection (2) of this section. By enacting mandatory minimum sentences, the legislature does not seek to limit the court's power to impose in any case a longer sentence as provided by law.

The legislative intent expressed above is clear-to protect children from the harm of sexual abuse, the state must provide harsher penalties for repeat sexual offenders. Section 19–2520G also provides, in pertinent part:

> (2) Any person who is found guilty of or pleads guilty to any offense requiring sex offender registration as set forth in section 18–8304, Idaho Code ... shall be sentenced to a mandatory minimum term of confinement ... for a period of not less than fifteen (15) years, if it is found by the trier of fact that previous to the commission of such crime the defendant has been found guilty of or has pleaded guilty to a violation of any crime or an offense committed in this state or another state which, if committed in this state, would require the person to register as a sexual offender as set forth in section 18–8304, Idaho Code.

We conclude that the statutory language of I.C. § 19–2520G(2) is plain and unambiguous. The sentence enhancement for being a repeat sexual offender requires a separate allegation and a separate finding of truth. A single sentence is then imposed for the underlying offense with the sentence enhancement, as separately found.[1] In this case, after an affirmative finding of Ewell's prior sexual history, the district court was constrained by I.C. § 19–2520G to impose the minimum term of confinement of fifteen years. For an underlying charge that carries a maximum allowable penalty greater than fifteen years, a district court has discretion to extend the term of confinement up to the statutory maximum for the underlying offense. In this case, however, the underlying offense carried a maximum allowable penalty of less than fifteen years. But this does not make I.C. § 19–2520G(2) unconstitutionally vague or inapplicable to Ewell's case. The minimum term of confinement of fifteen years for the sentence enhancement was properly imposed. Therefore, the district court did not err in denying Ewell's motion to dismiss the sentence enhancement for being a repeat sexual offender on the ground that it was inapplicable or unconstitutionally vague.

In this case, the district court pronounced a unified sentence of twenty-five years, with a minimum period of confinement of fifteen years. In this appeal, Ewell has challenged *only* the applicability of the fifteen-year minimum term mandated by I.C. § 19–2520G. He has not questioned the legality of the additional ten-year indeterminate term even though the maximum allowable penalty for the underlying offense had already been exceeded by the minimum term mandated by I.C. § 19–2520G. As acknowledged in the state's brief, whether the indeterminate portion of the sentence is illegal can be properly addressed by an I.C.R. 35 motion in the district court on remand. *See State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991) (Rule 35 allows the trial court to correct an illegal sentence "at any time, on the motion of either the defendant or the state. If objection to the illegality of a sentence has not been otherwise raised before the trial court by either the state or the defendant, it may not be raised for the first time on appeal.").

Finally, we take this opportunity to address a pervasive misconception that has been often expressed by prosecutors and by the lower courts in which they practice. Too commonly, sentence enhancements, such as the enhancement for being a repeat sexual offender contained in I.C. § 19–2520G, are referred to as separate offenses with a separate penalty from the underlying offense. This view is contrary to numerous holdings of this Court as well as the Idaho Supreme Court dealing with similar enhancements. *See, e.g., Farwell*, 144 Idaho at 736, 170 P.3d at 401 (holding that enhancement for use of a firearm in the commission of a felony is not a separate offense); *Lopez v. State*, 108 Idaho 394, 395, 700 P.2d 16, 17 (1985) ("Clearly, [the enhancement for being a persistent violator] does not create a new crime, but instead provides for the imposition of greater punishment for the underlying conviction.... Therefore, the trial court should not

---

1. In accordance with the holding in *Farwell*, quoted above, a district court need not separately articulate at sentencing which portion of a defendant's sentence results from the enhancement and which portion results from the underlying offense.

have imposed a separate sentence for the persistent violator allegation."); *State v. Cardona*, 102 Idaho 668, 670, 637 P.2d 1164, 1166 (1981) (I.C. § 19–2520 does not, by its terms, make the carrying of a firearm during a felony a separate felony nor fix a mandatory sentence for such additional crime); *State v. Salazar*, 95 Idaho 650, 651, 516 P.2d 707, 708 (1973) ("Our persistent violator statute, I.C. § 19–2514, does not create a new or separate offense, rather it makes possible an enhancement of punishment for a particular crime when one has previously been convicted of two felonies."); *Cootz v. State*, 129 Idaho 360, 364, 924 P.2d 622, 626 (Ct.App.1996) ("The [firearm enhancement] statute does not define a separate substantive offense, but is merely a sentence-enhancing statute that comes into play after a defendant is convicted of one of the enumerated offenses."); *State v. Storm*, 123 Idaho 228, 231, 846 P.2d 230, 233 (Ct.App.1993) ("persistent violator status is not a separate offense, but simply a determination that enlarges the potential sentence"); *State v. Gauna*, 117 Idaho 83, 88, 785 P.2d 647, 652 (Ct.App.1989) ("Here, no new offense was charged. Persistent violator status enlarges the potential sentence, but it does not constitute a separate offense."); *State v. Pierce*, 107 Idaho 96, 107, 685 P.2d 837, 848 (Ct.App.1984) (A persistent violator allegation does not charge an additional or different offense.); *State v. Galaviz*, 104 Idaho 328, 329–30, 658 P.2d 999, 1000–01 (Ct.App.1983) (enhancement for use of a firearm in the commission of a felony is not a separate offense, but merely a sentence enhancement following conviction of an underlying offense).

■■■ This Court has also previously warned against the analytical danger in referring to the penalty for the underlying offense and the enhancement for use of a firearm in the commission of a felony, similar in its application to the repeat sexual offender enhancement, as "consecutive":

> The term "consecutive" is inappropriate when referring to a sentence enhancement for use of a firearm. It may connote, inaccurately, the existence of two separate sentences. It is well established in our case law that, regardless of the terminolo-

gy employed, a firearm enhancement is part of a single sentence.... "[T]he base sentence and the enhancement should be construed as one continuous sentence."

*State v. Camarillo*, 116 Idaho 413, 414, 775 P.2d 1255, 1256 (Ct.App.1989), *quoting State v. Vega*, 113 Idaho 756, 757, 747 P.2d 778, 779 (Ct.App.1987). Because I.C. § 19–2520G provides for an extended term of imprisonment as a result of a prior conviction or convictions, I.C.R. 7(c) also applies. It provides:

> In all cases wherein an extended term of imprisonment is sought as the result of a prior conviction or convictions, the indictment or information shall set forth the facts on which the extended term of imprisonment is sought. The facts so alleged shall not be read to the jury unless the defendant has been found guilty of the primary charge. If the defendant is found guilty of the primary charge, the issue or issues involving the extended term of imprisonment shall then be tried.

Therefore, while the indictment must contain separate allegations of fact supporting a sentence enhancement and the alleged facts require a separate finding of truth after a finding is reached on the primary charge, the enhancement is not a separate offense and it is error to treat an enhancement separately by providing a term of imprisonment distinct from the underlying offense. Here, the information inappropriately alleged the enhancement as a separate offense, and the parties referred to "consecutive" sentences as if Ewell were being sentenced for two crimes instead of receiving a single sentence that must include the minimum term mandated by I.C. § 19–2520G.

## III.

## CONCLUSION

Ewell does not challenge the use of his prior conviction for communicating with a minor for immoral purposes to justify the enhancement for being a repeat sexual offender under I.C. § 19–2520G. Accordingly, it makes no difference whether the district court correctly analogized the offense of luring with a sexual motivation in Washington

to second degree kidnapping of an unrelated minor child in Idaho. Thus, the district court did not err in denying Ewell's motion to dismiss the enhancement on the ground that luring with a sexual motivation had no substantially equivalent Idaho counterpart listed in I.C. § 18–8304 requiring sex offender registration. Furthermore, the language of I.C. § 19–2520G(2) is plain and unambiguous and applies to Ewell even though it requires a minimum sentence which exceeds the otherwise applicable maximum sentence for possession of sexually exploitative material. Therefore, the district court did not err in denying Ewell's motion to dismiss the enhancement for being a repeat sexual offender on the ground that it was inapplicable or unconstitutionally vague. Ewell's judgment of conviction for possession of sexually exploitive material with a sentence enhancement for being a repeat sexual offender is therefore affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.