IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38373

| | | |
|---|---|---|
| ERIC HAROLD EWELL, | ) | 2012 Unpublished Opinion No. 436 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 5, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Eric Harold Ewell appeals from the district court's order summarily dismissing his application for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, Ewell was charged with six counts of possession of sexually exploitative material, Idaho Code § 18-1507A, with a sentence enhancement for being a repeat sex offender, I.C. § 19-2520G. The sentence enhancement statute mandates a fifteen-year minimum term of confinement for a crime requiring registration as a sex offender under I.C. § 18-8304, if the individual was previously convicted of such an offense in Idaho or of a substantially equivalent offense in another state. The State's information alleged that Ewell had been convicted of luring with a sexual motivation in the state of Washington, Revised Code of Washington § 9A.40.090. Ewell filed a motion to dismiss the enhancement for being a repeat

1

sex offender, arguing that the Washington offense of luring with a sexual motivation had no substantially equivalent Idaho counterpart that was included in the listed offenses of I.C. § 18-8304 requiring sex offender registration in Idaho.

After Ewell filed the motion to dismiss the sentence enhancement, the State amended the information to include the other previous sexual offenses Ewell committed in Washington. These offenses included luring, luring with a sexual motivation, and communicating with a minor for immoral purposes. The district court denied Ewell's motion to dismiss, concluding that the Washington offense of luring with a sexual motivation was substantially similar to the Idaho offenses of second degree kidnapping of an unrelated minor child and first degree kidnapping, both of which require sex offender registration in Idaho.

Ewell entered a conditional guilty plea to one count of possession of sexually exploitative material and admitted the enhancement for being a repeat sex offender; specifically, that he had previously been convicted in Washington of luring, luring with a sexual motivation, and communication with a minor for immoral purposes. The State dismissed the remaining counts of possession of sexually exploitative material. The district court sentenced Ewell to a unified term of twenty-five years with fifteen years determinate, and Ewell appealed.

On direct appeal, Ewell argued that the district court erred in denying his motion to dismiss the sentence enhancement for being a repeat sex offender contending, as he had below, that his prior Washington conviction for luring with a sexual motivation was not substantially similar to any Idaho offense requiring sex offender registration. *See State v. Ewell*, 147 Idaho 31, 33, 205 P.3d 680, 682 (Ct. App. 2009). This Court declined to reach the merits of Ewell's claim, noting that after Ewell filed his motion to dismiss, the State amended the information to include two additional prior Washington convictions to justify the enhancement. *Id.* at 34, 205 P.3d at 683. Because Ewell never challenged the use of the two additional prior convictions as a basis for the enhancement alleged in the amended information, we held that Ewell failed to show the district court erred in denying his motion to dismiss. *Id.*

Ewell next filed a timely pro se application for post-conviction relief alleging: "(a) violation of fifth, sixth and fourteenth amend. rights; (b) guilty plea was neither knowingly nor intelligently given; and (c) psychosexual evaluation Marandaized [sic] PSI not reviewed, nor rights given. Counsel admitted short-comings." He also filed a sixty-seven-page affidavit in support of post-conviction relief, which he referred to in his application. The district court

appointed counsel, and after conducting two status conferences, the district court entered an order conditionally dismissing Ewell's application. In its order, the court summarized the nature of Ewell's claims as follows:

> On February 24, 2010, the Petitioner, Eric Harold Ewell, filed a Petition for Post-Conviction Relief, alleging ineffective [assistance of] counsel . . . based on his allegation that his attorney failed to tell him that statements made during his psychological evaluation and pre-sentence report could be used against him and that he had a constitutional right to refuse to participate. He further contends that his attorney should have sat in on both examinations with him and that his counsel was ineffective by failing to have him examined by an independent psychiatrist. Ewell also claimed the use of his past crimes to enhance his sentence violated the Double Jeopardy clause, his guilty plea was "given under false information" because the sentence he received was not the one represented to him, he did not have an opportunity to read his pre-sentence report and that he was under stress when he completed the psychosexual evaluation. He also asks that *Stuart v. State*, 145 Idaho 467, 180 P.3d 506 (Ct. App. 2007), should be overruled.

The district court noted, generally, that Ewell did not support any of his allegations with any other affidavits or evidence and that his factual allegations were not supported by the record. The court then addressed each claim individually, pointing out specific deficiencies, and finding with respect to each claim that Ewell failed to present a genuine issue of material fact that would entitle him to an evidentiary hearing. The court gave Ewell twenty days in which to respond to the proposed dismissal. Ewell failed to respond and the district court summarily dismissed Ewell's application for the reasons articulated in its order of conditional dismissal. Ewell timely appeals.

## II.

## DISCUSSION

Ewell argues on appeal that the district court erred by summarily dismissing his application for post-conviction relief because it misperceived the nature of his claim regarding the ineffectiveness of counsel in the underlying criminal case. According to Ewell, the district court's dismissal conflated a double jeopardy claim with a claim that trial counsel was ineffective for failing to renew the motion to dismiss to include the additional convictions in the amended information. The State contends that Ewell has failed to show the district court erred because: (1) Ewell's application does not include a claim that trial counsel was ineffective for failing to renew the motion to dismiss to include the additional convictions; (2) even if Ewell

properly pled such a claim, the district court adequately addressed that claim by giving Ewell notice, generally, that he failed to support his allegations with admissible evidence; and (3) even if the district court erred by failing to specifically address such a claim, the error was harmless.

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at

629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). "When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

The district court ruled on all claims it could identify from Ewell's application. It did not, however, discuss the particular issue of whether or not Ewell asserted an ineffective assistance of counsel claim in regard to counsel's failure to renew the motion to dismiss after the amended information was filed. In his application, Ewell asserts violations of his Sixth Amendment rights. Expanding upon that claim, Ewell stated in his supporting affidavit:

> The defendant was denied effective assistance again when his attorney failed to preserve the primary issue for appeal. Attorney Van Bishop "admitted his own incompetence" in a letter dated May 13, 2009, where he stated "I was ineffective in that I did not preserve the primary issue for appeal when I did not renew the motion to dismiss after the state amended the information (concerning

5

the [prior misdemeanor charge]). It is referred to in the State[']s brief and the Court[']s decision."

Considering the application and affidavit together, Ewell stated a claim of ineffective assistance of counsel. He identified ineffective assistance of counsel and referenced counsel's failure to "preserve the primary issue for appeal," i.e., renewal of the motion to dismiss. The district court's failure to expressly address the claim was quite understandable; the parties never directly brought the claim to the court's attention, and the quoted language comprises only a small part of Ewell's lengthy allegations. Moreover, the above-quoted language is under the heading "Stuart is Distinguishable From The Case At Bar, And Therefore, Should Not Apply." Nevertheless, assuming error by the district court in failing to address that particular claim of ineffective assistance of counsel, such error does not require reversal if the error was harmless. *Baker v. State*, 142 Idaho 411, 421, 128 P.3d 948, 958 (Ct. App. 2005). Errors are not harmless when they affect the substantial rights of the parties. *See* Idaho Rule of Civil Procedure 61; *Baker*, 142 Idaho at 421, 128 P.3d at 958.

Ewell argues that his counsel was ineffective in failing to renew the motion to dismiss in the underlying criminal case. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman*, 129 Idaho at 526, 927 P.2d at 916. In this case, then, the issue is whether or not Ewell's motion to dismiss would have been successful had his trial counsel renewed it to include the additional conviction in the amended information.

Ewell argued in his motion to dismiss in the underlying criminal case that the repeat sex offender sentence enhancement statute, I.C. § 19-2520G, did not apply to him. This Court exercises free review over questions of law and the application and construction of statutes.

6

*State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). Whether a criminal offense in another state is substantially equivalent to an Idaho offense is a question of law that requires comparison of the relevant statutes. *See State v. Schmoll*, 144 Idaho 800, 803-05, 172 P.3d 555, 558-60 (Ct. App. 2007) (comparing a Montana DUI statute with Idaho DUI statute to determine whether defendant's prior Montana DUI conviction qualified for purposes of enhancement as "substantially conforming" to the provisions of I.C. § 18-8004). Exact correspondence between the foreign statute and the Idaho statute at issue is not required. *Id.*

Idaho Code § 19-2520G "mandates a fifteen-year minimum term of confinement for a crime requiring registration as a sex offender under I.C. § 18-8304 if the individual was previously convicted of such an offense in Idaho or of a substantially equivalent offense in another state." *Ewell*, 147 Idaho at 33, 205 P.3d at 682; *see also* I.C. § 18-8304(c). Ewell argues that the statute does not apply because the crimes he was convicted of in Washington would not have required registration as a sex offender in Idaho. The State argues here, as it did in the underlying criminal case, that the Washington crime of luring, R.C.W. 9A.40.090, is substantially equivalent to the Idaho crime of second degree kidnapping, I.C. § 18-4503, a crime requiring sex offender registration in Idaho. *See* I.C. § 18-8304(1)(a).

We agree that the elements of the Washington offense of luring and the elements of the Idaho offense of second degree kidnapping are substantially equivalent. *See* I.C. § 18-8304. Moreover, the amended information also included a conviction for communication with a minor for immoral purposes, R.C.W. § 9.68A.090. The Washington Supreme Court has interpreted R.C.W. § 9.68A.090 to prohibit "communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct." *State v. McNallie*, 120 Wash. 2d 925, 933, 846 P.2d 1358, 1364 (1993) (en banc). So limited, the Washington offense of communication with a minor for immoral purposes is substantially equivalent to the Idaho offenses that prohibit the solicitation or attempted solicitation of a minor child to participate in a sexual act, including attempted lewd conduct, I.C. § 18-1508, and attempted sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A, both of which require sex offender registration in Idaho pursuant to I.C. § 18-8304. In short, even if Ewell's trial counsel had renewed the motion to dismiss, the motion would not have been successful; and, as such, counsel's failure to renew the motion does not constitute ineffective assistance. Thus, any error committed by the district court by failing to identify and rule on Ewell's claim was harmless.

7

### III.

### CONCLUSION

Ewell's previous Washington offenses are substantially equivalent to offenses requiring sex offender registration in Idaho; and, thus, Ewell's counsel was not ineffective for failing to renew the motion to dismiss. Therefore, the district court's summary dismissal of Ewell's post-conviction application is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**