956 P.2d 1311

STATE of Idaho, Plaintiff–Respondent,

v.

David C. GOODWIN, Defendant–Appellant.

STATE of Idaho, Plaintiff–Respondent,

v.

Mark GOODWIN, Defendant–Appellant.

STATE of Idaho, Plaintiff–Respondent,

v.

Randall Craig GOODWIN, Defendant–Appellant.

Nos. 23398, 23405 and 23438.

Court of Appeals of Idaho.

April 22, 1998.

Blaser, Sorensen & Hansen, Blackfoot, for appellant David C. Goodwin; Parmenter & Peterson, Blackfoot, for appellant Mark Goodwin; Valerie J. Phillips, Blackfoot, for appellant Randall Craig Goodwin. David N. Parmenter argued.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent. Catherine O. Derden argued.

SCHWARTZMAN, Judge.

Mark Goodwin, David Goodwin and Randall Goodwin appeal from judgments of conviction entered following their conditional pleas of guilty to possession of a controlled substance, Idaho Code § 37–2732(c)(1). The sole issue raised on appeal by the Goodwins challenges the district court's denial of their motions to suppress. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Mark L. Goodwin, David Goodwin and Randall Goodwin were all residing at the home of Mark Goodwin. Law enforcement authorities obtained a warrant authorizing the search of Mark Goodwin's house. During the search the officers discovered controlled substances and charged all three men

separately with possession of a controlled substance.

The affidavit in support of the search warrant contained information obtained from various sources, including evidence gathered from a warrantless search of a garbage can placed out for collection at the residence. Mark, David and Randall Goodwin each filed a motion to suppress the evidence taken on the warrant from Mark's residence, based upon the warrantless search of the garbage can. The district court joined the three motions into one evidentiary hearing because the facts and circumstances surrounding each motion were the same.

The local police had numerous reports stating that the Goodwins had allegedly used, sold and/or distributed drugs, particularly methamphetamine. Based on these reports, Detective James Loucks of the Blackfoot Police Department and detective Chuck Carrol of the Bingham County Sheriff's Office decided to conduct a search of the garbage from Mark Goodwin's residence in Blackfoot.

On the evening of January 1, David set the garbage can out for collection by the street, although the exact location of the can is disputed. This garbage bin is provided by the City of Blackfoot and has a covered lid. The can is dumped into the garbage truck by an automatic dumping procedure which does not require handling of the garbage by the collectors. At approximately 5:30 a.m., the detectives loaded the full garbage can into their vehicle and replaced it with an identical empty container. The contents of the garbage can were then searched at the law enforcement building. A search of the contents revealed blood-filled syringes which later tested positive for methamphetamine. There were also plastic bags with the corners cut out, which is indicative of the packaging of narcotics such as methamphetamine. Later that same day, Detective Loucks applied for a search warrant for Mark Goodwin's residence. Based, in part, on the evidence obtained from the garbage search, the magistrate issued a search warrant. During execution of the warrant, controlled substances were found in the house which led to the filing of criminal charges against Mark, David, and Randall Goodwin.

The Goodwins all filed a motion to suppress the evidence taken from the search of the residence. At the evidentiary hearing, the principal factual dispute among the parties centered on the actual placement of the garbage bin at the edge of the roadway. In a lengthy written opinion, the district court denied the motions. All three defendants then entered conditional guilty pleas to possession of methamphetamine, reserving the right to appeal the denial of their motion to suppress.

The Goodwins argue on appeal that the warrantless search and seizure of the garbage can violated their legitimate and reasonable expectation of privacy, and thus the search warrant and subsequently obtained evidence violate the Idaho Constitution. The Goodwins therefore request that their motion to suppress be granted, and the charges against them be dismissed.

## II.

## ANALYSIS

**Because the Goodwins have not challenged the district court's ruling that even without the evidence obtained from the garbage search there was probable cause to issue the search warrant for the Goodwin residence, should the district court's denial of the motion to suppress be affirmed without addressing the issue of whether the garbage search was constitutional?**

The Goodwins acknowledge that a garbage search does not violate any expectation of privacy safeguarded by the Fourth Amendment of the United States Constitution. *See California .v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988) (holding that the Fourth Amendment does not prohibit the warrantless search or seizure of garbage left for collection outside the curtilage of a home). However, the Goodwins note that the Idaho Supreme Court has previously held that Article 1, Section 17 of the Idaho Constitution in some instances provides greater protection than the parallel provision in the Fourth Amendment of the United States Constitution. *State v. Guzman*, 122

Idaho 981, 842 P.2d 660 (1992) (United States Supreme Court's decision on good-faith exception to exclusionary rule does not apply under Article 1, Section 17 of the Idaho Constitution); *State v. Thompson*, 114 Idaho 746, 760 P.2d 1162 (1988) (contrary to United States Supreme Court's decision, installation of a "pen register" device to record numbers called and duration of calls made from telephone was "search" within meaning of Idaho Constitution). Therefore, based on precedent set by *Thompson* and *Guzman*, the Goodwins argue that, by analogy, Article I, Section 17 should be interpreted to hold that in Idaho a person has a reasonable expectation of privacy in garbage that has been set out for collection.

■ However, the state submits that this Court need not reach the issue of whether Article I, Section 17 of the Idaho Constitution should be extended to afford individuals protection from a warrantless garbage search. In its written decision denying the motion to suppress the evidence, the district court found that even without the evidence obtained from the garbage search, the magistrate had been presented with sufficient evidence to establish probable cause to issue the search warrant for the Goodwin residence: "The evidence presented to the magistrate, whether independent of or including the evidence seized from Mark's garbage cans, supported its determination that probable cause existed to issue the search warrant for 1033 Sunset."

The state asserts that since the Goodwins have not challenged this finding made by the district court, it is therefore unnecessary to reach the issue of the constitutionality of the garbage search. *See, generally, State v. Josephson*, 123 Idaho 790, 852 P.2d 1387 (1993) (holding that when a magistrate issues a search warrant, the reviewing court's function is to ensure that the magistrate had a substantial basis for concluding that probable cause existed). The Goodwins did not raise this as an issue in their "Statement of Issues" or in any separate section of their appellants' brief; nor was a reply brief filed to the state's argument. Additionally, there are no citations to authority, nor any analysis or argument save the following bald asser-

tion buried in the conclusion: "Absent the tainted evidence acquired by unlawful warrantless search, there remains nothing to support a finding of sufficient probable cause to justify issuance of the Search Warrant by Magistrate James L. Martsch." This one unsupported declaration does not sufficiently raise the issue. In *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996), it was stated that: "A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking."

■ The following analysis from *MacLeod v. Reed*, 126 Idaho 669, 889 P.2d 103 (Ct.App.1995), is particularly appropriate here:

> The review of a trial court's action is inappropriate when the action has not been listed as an issue on appeal and no argument or authority on the issue is contained in the brief on appeal. (citation omitted). Similarly, where a judgment of the trial court is based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds. (citation omitted).

*Id.* at 671, 889 P.2d at 105. Thus, regardless of the Goodwins' argument that the district court erred in ruling that the warrantless search of the garbage can was permissible under the Idaho Constitution, they do not address the district court's holding that even without the garbage search, there was still a substantial basis to conclude probable cause existed for the issuance of the search warrant. This latter holding is an independent, alternative basis upon which the district court denied the Goodwins' motion to suppress. Without any argument or authority from the Goodwins we will not presume error by the district court, and must uphold the denial of the motions to suppress on this alternative ground. Moreover, it is axiomatic that a reviewing court will not address constitutional issues unless it is absolutely necessary for a determination of the case. *Mead v. Arnell*, 117 Idaho 660, 671, 791 P.2d 410, 421 (1990) (" '[W]hen a case can be decided upon a ground other than a constitutional

ground, the Court will not address the constitutional issues.'")

Therefore, notwithstanding the district court's articulate and well-reasoned analysis on the constitutional issue of the warrantless garbage can search, we do not need to reach this issue, and hereby affirm the district court's decision denying the Goodwins' motion to suppress on the alternative ground that there existed sufficient probable cause for issuance of the search warrant independent of the garbage search.

PERRY, J., and BURDICK, J. Pro Tem., concur.