IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38812

| | | |
|---|---|---|
| WILLIAM RONALD ALLSOP, | ) | 2012 Unpublished Opinion No. 459 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 1, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

William Ronald Allsop, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

William Ronald Allsop appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

In February 2007, Allsop pled guilty to lewd conduct with a minor child under sixteen. I.C. § 18-1508. Allsop was sentenced to a unified life term, with a minimum period of confinement of fifteen years. Allsop filed an I.C.R 35 motion for reduction of his sentence, which the district court denied. Allsop appealed, arguing that his sentence was unduly harsh and challenging the district court's denial of his I.C.R. 35 motion. In an unpublished opinion, this Court determined that the district court did not abuse its discretion by imposing Allsop's sentence and affirmed Allsop's judgment of conviction and sentence. *State v. Allsop*, Docket No. 34279 (Ct. App. Feb. 11, 2009). This Court also concluded Allsop had not shown that the district court abused its discretion by denying his I.C.R. 35 motion and affirmed the district court's order denying the motion. *Id.* A remittitur was issued on April 22, 2009. Over a year later, Allsop filed a pro se application for post-conviction relief on August 31, 2010.

1

In his application for post-conviction relief, Allsop asserted that his trial counsel was ineffective for failing to advise him of his Fifth Amendment right against self-incrimination as it applied to a psychosexual evaluation as set forth in *Estrada v. State*, 142 Idaho 558, 564, 149 P.3d 833, 839 (2006). Allsop also filed a motion for appointment of counsel, which the district court granted. The state filed an answer and motion for summary dismissal asserting that Allsop's application was untimely pursuant to I.C. § 19-4902(a). At a hearing on the state's motion, Allsop's counsel conceded that Allsop's application was untimely and noted that he did not have any evidence that would toll the statute of limitation set forth in I.C. § 19-4902(a). Accordingly, the district court concluded that Allsop's application for post-conviction relief was untimely pursuant to I.C. § 19-4902(a) and entered an order granting the state's motion for summary dismissal. Allsop appeals.

In his pro se appeal, Allsop asserts that, due to the medication that he was taking, he did not understand the plea agreement that he signed. However, Allsop also asserts that he is not contesting his guilty plea but, rather, asking this Court for a reduction of his sentence.

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). While Allsop's statement that he is not contesting his guilty plea renders his assertion that he did not understand his plea agreement moot, we note that Allsop did not raise this issue in his application for post-conviction relief. Rather, as noted above, Allsop only asserted that his trial counsel was ineffective for failing to advise him of his Fifth Amendment right against self-incrimination as it applied to a psychosexual evaluation. Therefore, we will not consider the issue of his guilty plea on appeal.

Additionally, when the basis for a trial court's ruling is not challenged on appeal, an appellate court will affirm on the unchallenged basis. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998). Allsop does not challenge the district court's dismissal of his application for post-conviction relief on the ground that such application was untimely. Idaho Code Section 19-4902(a) provides that an application for post-conviction relief "may be filed at any time within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." As noted above, on April 22, 2009, this Court issued a remittitur after affirming Allsop's judgment of conviction and sentence and the district court's denial of his

I.C.R. 35 motion for reduction of his sentence. Allsop filed his pro se application for post-conviction relief over one year later on August 31, 2010.

Allsop's application was untimely pursuant to I.C. § 19-4902(a), and Allsop does not challenge the district court's dismissal of his application on that ground or assert any basis upon which the statute of limitation set forth in I.C. § 19-4902(a) was tolled. Therefore, we affirm the district court's order summarily dismissing Allsop's application for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**