# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45442

STATE OF IDAHO,

Plaintiff-Respondent,

v.

MARK DICKENS FORSYTHE,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 11, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction for possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Mark Dickens Forsythe appeals from his judgment of conviction for possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator. Forsythe contends the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 2:00 a.m., two police officers observed Forsythe riding a bicycle in the wrong lane of traffic. Forsythe did not have a light attached to his bicycle but was, instead, holding a flashlight. After the officers attempted to initiate a stop by activating the overhead lights on the patrol vehicle, Forsythe immediately turned off of the street, got off his bicycle, and

1

began emptying his pockets. The officers observed Forsythe remove two syringes from his pockets and discard them on the ground and onto the hood of a vehicle. After Forsythe was detained, the officers located the two syringes as well as a baggie of suspected methamphetamine inside a cigarette box on the ground.

The State charged Forsythe with possession of methamphetamine, I.C. § 37-2732(c)(1)(F), and possession of drug paraphernalia, I.C. § 37-2734A(1). The State also alleged Forsythe is a persistent violator, I.C. § 19-2514. Forsythe filed a pro se motion to suppress, contending that his detention was unlawful because his act of carrying a flashlight while riding his bicycle complied with the law requiring use of a light at night.[1] Forsythe also asserted that the officers lacked probable cause to arrest him for the syringes because there was no "nexus to establish an unlawful intent to use" them in an "unlawful manner" and because there was no "field test" conducted prior to his arrest. The State objected to Forsythe's motion to suppress, contending Forsythe lacked standing because he previously waived his Fourth Amendment rights as part of a parole agreement and because he did not have a reasonable expectation of privacy in the items he abandoned. The State further asserted that Forsythe's detention was supported by reasonable suspicion and that he did not submit to the detention until after he abandoned the methamphetamine and the paraphernalia. The district court denied Forsythe's motion. Forsythe filed a motion to reconsider, which the district court also denied. Forsythe proceeded to trial at which a jury found him guilty of possession of methamphetamine and possession of drug paraphernalia. Forsythe admitted the persistent violator enhancement. Forsythe appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

---

[1] Forsythe was initially represented by counsel who filed a motion to suppress raising the same challenge regarding the flashlight that was set forth in Forsythe's motion. Because Forsythe subsequently asked to proceed pro se, counsel withdrew his motion and Forsythe filed his own motion.

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Forsythe contends that the district court erred in denying his motion to suppress. Specifically, Forsythe argues that the district court erroneously concluded that carrying a flashlight while riding a bike at night provides reasonable suspicion to support a detention. The State responds that this Court should affirm because Forsythe has failed to challenge the district court's alternative reasons for denying Forsythe's motion to suppress. The State also asserts that the district court did not err in denying Forsythe's motion to suppress because Forsythe abandoned the items that were the subject of his motion and because the officers had reasonable suspicion to detain Forsythe. We affirm.

In denying Forsythe's motion to suppress, the district court applied the analysis of an unpublished opinion from this Court in which we concluded, on similar facts, that holding a flashlight while riding a bike does not comply with the requirements of I.C. § 49-723.[2] *See State v. Clark*, Docket No. 38626 (Ct. App. May 24, 2012). Applying *Clark*, the district court found there was reasonable suspicion to support Forsythe's detention based on his failure to comply with I.C. § 49-723. The district court also denied Forsythe's suppression motion on two other bases: (1) the officers had reasonable suspicion to detain Forsythe for riding his bike in the wrong lane contrary to Boise City Code Sections 10-14-02 and 10-14-06 and (2) Forsythe lacked standing to challenge the seizure of the methamphetamine and paraphernalia found on the ground because Forsythe abandoned those items.

As noted, Forsythe only challenges the portion of the district court's decision finding reasonable suspicion for the stop based on Forsythe's failure to comply with I.C. § 49-723.

---

[2]     Idaho Code Section 49-723 requires, in relevant part, that every bicycle in use from sunset to sunrise shall be operated with a light emitting device to be attached to the bicycle or the rider.

Because the district court provided alternative reasons for denying Forsythe's motion to suppress, for which Forsythe articulates no claim of error, we affirm. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998) (upholding the denial of a motion to suppress based on trial court's alternative ruling that was unchallenged on appeal).

## IV.

## CONCLUSION

Forsythe has failed to challenge all of the bases on which the district court denied his motion to suppress. Therefore, we decline to address the merits of Forsythe's claim of error and affirm the district court on the unchallenged bases. Accordingly, Forsythe's judgment of conviction for possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator are affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.