**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50819**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 20, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PAIGE LINDSEY STRUCKMEYER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Paige Lindsey Struckmeyer appeals from her judgment of conviction for felony possession of a controlled substance. Struckmeyer argues the district court erred in denying her motion to suppress because an officer exceeded the scope of Struckmeyer's consent in searching her vehicle during a warrantless search. The officer's search was justified under the plain view exception to the warrant requirement, a ground not challenged by Struckmeyer on appeal. Additionally, the search did not exceed the scope of Struckmeyer's consent. The order denying Struckmeyer's motion to suppress and her judgment of conviction are affirmed.

**II.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Pierson stopped a vehicle for failing to display a front license plate. Officer Pierson approached the vehicle, talked with the driver (Struckmeyer), informed her of the reason for the

1

stop, and asked for her driver's license, vehicle registration, and proof of insurance. Struckmeyer's mother was a passenger in the vehicle. While Struckmeyer was looking for her proof of registration, Officer Pierson was in radio contact with another officer inquiring whether Struckmeyer was someone the police were investigating for possible drug crimes. Officer Pierson then returned to her patrol vehicle to run warrant and driver license checks using Struckmeyer's driver's license and expired vehicle registration. While running Struckmeyer's information, Officer Pierson simultaneously inquired of another officer whether Struckmeyer was being investigated for possible drug crimes. Officer Pierson then got out of her patrol car and informed Struckmeyer that her driver's license was suspended and that she could not drive. Officer Pierson told Struckmeyer that she would "cut [Struckmeyer] a cite and then I'll let you be on your way." Officer Pierson then handed the citation book, Struckmeyer's driver's license, and her vehicle registration to Officer Brown, who had just arrived, and told him to write a citation for driving while suspended.

Officer Pierson then asked Struckmeyer if she had any illegal drugs in her vehicle. Officer Pierson asked Struckmeyer if she could search the vehicle. Although initially reluctant, Struckmeyer consented to Officer Pierson searching her vehicle for marijuana. During the search, Officer Pierson discovered a cut plastic red straw in Struckmeyer's purse that she recognized as drug paraphernalia. The plastic straw contained a white residue that Officer Pierson suspected to be a controlled substance. Officer Pierson also found a prescription drug container bearing neither Struckmeyer's nor her mother's name and marijuana in Struckmeyer's purse. Struckmeyer then asked to speak with Officer Pierson. Struckmeyer informed Officer Pierson that there was a broken methamphetamine pipe in her purse and she did not want Officer Pierson to get cut by it. Officer Pierson located the pipe. Shortly thereafter, Officer Brown notified Struckmeyer that he had completed the citation and handed Officer Pierson her citation book.

The State charged Struckmeyer with felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), and misdemeanor possession of paraphernalia, I.C. § 37-2734A(1). Struckmeyer filed a motion to suppress, arguing that, among other issues, the search was unlawful because Officer Pierson exceeded the scope of Struckmeyer's consent. The district court held a hearing, where Officer Pierson, Officer Brown, and Struckmeyer testified. Despite Struckmeyer's consent for the officer to search the car, Struckmeyer testified that she would not have allowed Officer Pierson to search her purse. Subsequently, the district court issued its memorandum

2

decision and order on Struckmeyer's motion to suppress. The district court denied Struckmeyer's motion to suppress, finding relevant to this appeal, that although Struckmeyer did not provide broad consent to search her vehicle for any controlled substances, Officer Pierson's search was lawfully within the scope of Struckmeyer's consent to search for marijuana. Once Officer Pierson had consent to search, he could lawfully search the purse and examine both the red plastic straw and the pill bottle because either could have contained marijuana. Alternatively, the district court found that Officer Pierson's examination and ultimate seizure of the plastic red straw and prescription pill bottle were justified by the plain view exception to the warrant requirement, based on Struckmeyer's consent.

Pursuant to a plea agreement, Struckmeyer entered a conditional guilty plea to felony possession of a controlled substance, reserving her right to appeal from the district court's denial of her motion to suppress. The State dismissed the possession of paraphernalia charge and an unrelated case. Struckmeyer appealed.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Struckmeyer argues that mindful of the United States Supreme Court and Idaho precedent, the district court erred in denying her motion to suppress because Officer Pierson exceeded the scope of Struckmeyer's consent when she examined the pill bottle and plastic red straw inside her purse. The State argues that the district court correctly denied Struckmeyer's motion to suppress because Officer Pierson's search of the purse and examination of the plastic red straw and pill bottle was within the scope of Struckmeyer's consent that the officer could search for marijuana.

The State also argues that the district court denied the motion on an alternate basis--that to the extent the reading of the words on the prescription pill bottle and the examination of the plastic red straw exceed the scope of consent to search for marijuana, the officer's actions were justified by the plain view exception to the search warrant, and because Struckmeyer does not challenge that basis on appeal, the district court's decision must be affirmed.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One such exception is the plain view doctrine, which permits an officer to seize evidence viewed from an area where the officer has a right to be if it is immediately apparent to the officer that the items viewed are contraband or evidence of a crime. *State v. Claiborne*, 120 Idaho 581, 586, 818 P.2d 285, 290 (1991).

Struckmeyer does not challenge the district court's finding that Officer Pierson's examination and ultimate seizure of the plastic red straw and prescription pill bottle were justified by the plain view exception. Where a lower court's alternative ground for its relevant determination is unchallenged on appeal, the appellate court will not presume error and must uphold the lower court on the unchallenged ground. *State v. Goodwin*, 131 Idaho 364, 366-67, 956, P.2d 1311, 1313-14 (Ct. App. 1998). Here, because Struckmeyer does not challenge the district court's finding that the search was justified by the plain view doctrine, we affirm the district court's denial of Struckmeyer's motion to suppress.

## IV.

## CONCLUSION

The district court did not err in denying Struckmeyer's motion to suppress because the search was justified under the plain view and consent exceptions to the warrant requirement and the search did not exceed the scope of Struckmeyer's consent. The district court's order denying Struckmeyer's motion to suppress and her judgment of conviction are affirmed.

Chief Judge GRATTON and Judge TRIBE **CONCUR**.