**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50713**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed:  December 3, 2024** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| HERVEY O. GONZALEZ, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Darren B. Simpson, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Hervey O. Gonzalez appeals from his judgment of conviction for possession of a controlled substance.  Gonzalez argues the district court erred in denying his motion to suppress because the officer exceeded the scope of consent during a warrantless search.  However, Gonzalez lacks standing to challenge the search.  The order denying Gonzalez's motion to suppress and his judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Gonzalez was the back seat passenger of a vehicle that Sergeant Hay pulled over for a traffic violation.  After speaking with the driver, Sergeant Hay requested Gonzalez's identification.  Gonzalez pointed to the driver, indicating that she possessed his identification.  While the driver searched for identification, Sergeant Hay approached the back seat, noticed that Gonzalez was not

1

wearing a seatbelt, and asked Gonzalez to roll down the window. After Gonzalez rolled down his window, Sergeant Hay observed bottles of alcohol in the back seat and asked Gonzalez if there were any open containers in the vehicle. Gonzalez replied that although he had a six pack, none of the bottles were open. After receiving the identifying documents, Sergeant Hay took them to his patrol vehicle. While Sergeant Hay was in contact with dispatch, Officer Evans arrived. Sergeant Hay instructed Officer Evans, "[Gonzalez is] in the back. Will you see if he'll get out? Ask him what's in his bag while I'm doing the citation form for a seatbelt . . . 'cuz he's dealing. Both these guys are." As Sergeant Hay continued to fill out the citation, Officer Evans went back to the vehicle. After talking with the driver, Officer Evans approached the side where Gonzalez was sitting and asked, "[Gonzalez], you want to step out here and talk to me real quick, bud?" When Gonzalez hesitated, Officer Evans added, "Cuz I need to talk to you back here."

While Sergeant Hay continued to write the seatbelt citation, Officer Evans met Gonzalez at the back of the vehicle and explained to Gonzalez that he asked him to exit the vehicle because Officer Evans had seen alcohol in the vehicle. Officer Evans asked Gonzalez if anyone had been drinking and whether there were any open containers in the vehicle. Gonzalez answered "no" to both questions. Officer Evans asked if he could "just peek" inside the car to see if there were any open containers. Gonzalez responded that Officer Evans would have to ask permission from the driver of the vehicle. Officer Evans asked Gonzalez to remain at the back of the vehicle. Then Officer Evans approached the driver's side window and asked the driver if there were any open containers in the vehicle. The driver told him there were not and explained the beer in the back seat was recently purchased. Officer Evans asked, "do you mind if I just peek back here?" The driver responded, "yeah, you can look."

Officer Evans proceeded to search containers of all sizes, including a cigarette box; the inside pouch and pockets of a backpack; a pocket-size notebook; and a small, flat mirror case. At this point, Sergeant Hay finished writing the seatbelt citation, exited his vehicle, and engaged in conversation with Gonzalez. In a cup holder on the floor in the middle of the back seat area, Officer Evans discovered a small, clear bottle with cannabis inside. Sergeant Hay then asked the driver and the other passenger to step out of the vehicle, informed them that cannabis had been found, and explained that the officers were going to search the rest of the vehicle for illegal drugs. Sergeant Hay found methamphetamine, more marijuana, and drug paraphernalia.

The State charged Gonzalez with felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3), and possession of drug paraphernalia, I.C. § 37-2734A(1). Gonzalez filed a motion to suppress, arguing, among other things, that the officers exceeded the scope of consent given to them when searching the vehicle. The district court held a hearing on the motion, where Sergeant Hay and Officer Evans testified. The district court later issued a written order denying Gonzalez's motion to suppress. As relevant to this appeal, the district court found that the driver voluntarily consented to a search of the entire back seat of the vehicle and she never attempted to limit or stop Officer Evans' search. The district court further found that Gonzalez did not have standing to challenge the search conducted with the driver's consent because he was a passenger and had no legitimate expectation of privacy in the vehicle.

Pursuant to a plea agreement, Gonzalez entered a conditional guilty plea to felony possession of a controlled substance, reserving his right to appeal the district court's denial of his motion to suppress. The State dismissed the misdemeanor possession of a controlled substance charge and the possession of paraphernalia charge. Gonzalez appealed.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Gonzalez argues that mindful of United States Supreme Court and Idaho precedent, the district court erred in denying his motion to suppress because Officer Evans exceeded the scope of the driver's consent to search. The State responds that because Gonzalez does not challenge the district court's finding that he lacked standing as a passenger to challenge the search of the

3

vehicle, this Court must affirm. Alternatively, the State argues that Officer Evans did not exceed the scope of consent given by the driver.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* A warrantless search may be rendered reasonable by an individual's consent. *State v. Greub*, 162 Idaho 581, 585, 401 P.3d 581, 585 (Ct. App. 2017). It is well settled that when the basis for a search is consent, the State must conform its search to the limitations placed upon the right granted by the consent. *Id.* The standard for measuring the scope of a consent to search is that of objective reasonableness. *Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *State v. Barker*, 136 Idaho 728, 731, 40 P.3d 86, 89 (2002).

Generally, only the owner of a vehicle has standing to directly challenge an illegal search. *State v. Bordeaux*, 148 Idaho 1, 9, 217 P.3d 1, 9 (Ct. App. 2009). Idaho courts have consistently held that a passenger in a vehicle subject to an allegedly illegal search generally does not having standing to object to the search of the vehicle. *Id.* A passenger who has no proprietary interest in the vehicle lacks a reasonable expectation of privacy and, therefore, standing to challenge a search where the driver has consented. *Id.*

Gonzalez argues that mindful of the United States Supreme Court and Idaho precedent that requires an individual asserting standing to suppress evidence from a warrantless search have a reasonable expectation of privacy in the area searched, the district court erred because Officer Evans exceeded the scope of the driver's consent. At the motion to suppress hearing, although neither party raised the issue, the district court held that because Gonzalez did not assert any proprietary interest in the vehicle, he lacked standing to assert a valid challenge to the search of the vehicle. Regardless, the district court held that Officer Evans did not exceed the scope of the driver's consent when searching the vehicle because a typical, reasonable person would have understood that the driver gave Officer Evans valid, full, and unlimited consent to search the back seat of the vehicle. On appeal, Gonzalez fails to challenge the district court's ruling that Gonzalez lacked standing to challenge the validity of the search. Where a lower court's alternative ground for its determination is unchallenged on appeal, the appellate court will not presume error and must

4

uphold the lower court on the unchallenged ground. *State v. Goodwin*, 131 Idaho 364, 366-67, 956, P.2d 1311, 1313-14 (Ct. App. 1998). Therefore, the district court's order is affirmed on that unchallenged ground. *See id.* at 364, 366, 956 P.2d at 1313. As a result, we need not address Gonzalez's argument that Officer Evans exceeded the scope of the driver's consent to search the vehicle. Therefore, the district court did not error in denying Gonzalez's motion to suppress.

## IV.

## CONCLUSION

Because Gonzalez failed to challenge the district court's finding that Gonzalez lacked standing to challenge the search, the district court did not err in denying Gonzalez's motion to suppress. Therefore, the order denying Gonzalez's motion to suppress and his judgment of conviction are affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.