**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50763**

| | |
|---|---|
| STATE OF IDAHO, )<br>  )<br>    Plaintiff-Respondent, )<br>  )<br>v. )<br>  )<br>JUAN HERNANDEZ-LOPEZ, )<br>  )<br>    Defendant-Appellant. )<br>  ) | **Filed: February 20, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY** |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Judgment of conviction for two counts of lewd conduct with a child under the age of sixteen years and one count of sexual abuse of a child under the age of sixteen years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Juan Hernandez-Lopez appeals from his judgment of conviction for two counts of lewd conduct with a child under the age of sixteen years and one count of sexual abuse of a child under the age of sixteen years. Hernandez-Lopez argues the district court abused its discretion in denying his motion to strike the State's DNA expert's trial testimony for lack of foundation as it was based on inadmissible hearsay because the expert relied on the conclusions of another analyst who did not testify. Because Hernandez-Lopez failed to address the district court's alternative ruling that the objection was untimely, we affirm on that unchallenged basis. Hernandez-Lopez's judgment of conviction is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Hernandez-Lopez with three counts of lewd conduct with a child under the age of sixteen years, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506, for acts he committed against a fifteen-year-old victim. The district court dismissed one count of lewd conduct because it was a duplicative charge. The matter proceeded to a jury trial. At trial, the State called its DNA expert, Eric Seat, an Idaho State Police laboratory scientist, to testify. During direct examination, Seat testified that DNA from the sample taken from the victim's rape kit was 1.17 octillion times more likely to have come from Hernandez-Lopez than from an unrelated individual randomly selected from the population. Seat also testified that the DNA collected from the rape kit was a match to the DNA of Hernandez-Lopez. Hernandez-Lopez did not object to either answer. On cross-examination, defense counsel asked Seat, "I noticed in some of your reports that it talks about the analyst, for example, your differential DNA extraction, and it says 'Analyst,' and then it uses 'M.T.K.,'" and "What does that mean?" Seat explained that M.T.K. are the initials of the scientist who processed the DNA samples. After requesting a sidebar, Hernandez-Lopez's counsel objected to Seat's testimony, arguing there was a lack of foundation because Seat did not perform the DNA extraction or quantitation upon which Seat's tests and conclusions were based. Hernandez-Lopez later clarified that the basis of his objection was inadmissible hearsay, citing *State v. Watkins*, 148 Idaho 418, 224 P.3d 485 (2009). Hernandez-Lopez also moved to strike Seat's testimony about the conclusions of the DNA testing. The State argued that this case was distinguishable from *Watkins* because Seat was not simply reading from M.T.K.'s notes, and Seat also performed his own tests. The district court overruled the objection and declined to strike Seat's testimony for two reasons: (1) Hernandez-Lopez's objection was not timely because it came during cross-examination; and (2) because Seat conducted his own testing, it was a different situation than the *Watkins* case. The jury found Hernandez-Lopez guilty on all counts. Hernandez-Lopez appeals.

# II.

## STANDARD OF REVIEW

Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998).

2

# III.

# ANALYSIS

Hernandez-Lopez argues the district court erred in denying his foundation objection and motion to strike Seat's testimony because the testimony was based on inadmissible hearsay. The State responds that this Court should affirm the district court's denial of the motion to strike the testimony on the unchallenged basis that the motion was untimely. Alternatively, the State argues the district court correctly denied Hernandez-Lopez's motion to strike on the merits because Seat properly relied on information provided by a non-testifying witness in formulating his expert opinion.

The district court issued alternate holdings in this case. It denied Hernandez-Lopez's motion to strike because it was untimely, and it overruled his objection to foundation and hearsay on the merits. The district court stated:

> The court has reviewed *State v. Watkins*, 148 Idaho 418[, 224 P.3d 485 (2009)]. The court has further went back and reviewed the testimony of Mr. Seat. And I think it's important as well to note, in *Watkins*, the Idaho Supreme Court was specific to note that Watkins' counsel objected and moved to strike on direct before Mr. Finis could testify that the DNA in the semen on the underwear matched Watkins.
>
> In this case, that's not what happened. The evidence was admitted, and then it was during cross-examination that Mr. Sisson inquired as to who the--these initials are, who this individual is. Mr. Seat then testified or reiterated that there is a process before the evidence gets to him. Once the evidence gets to him, there has been a process already completed.
>
> . . . .
>
> Apparently, there was a second step involved in which part of that process was completed by another individual who has not come in to testify. That information then goes to Mr. Seat, who conducts his own testing on what has already been presented for him. And this is different from what occurred in the *Watkins* case.
>
> . . . .
>
> [Defense counsel's] objection to the foundation and the testimony of Mr. Seat came during cross-examination and did not come during the direct examination of Mr. Seat prior to his giving his opinion on this. The court will not strike his testimony. The court is going to allow [Defense counsel], of course, to cross-examine Mr. Seat on his testing and the issues relating to the individual who is not present to testify as to their testing and the integrity of it, but that is impeachment. The court will not strike the opinion already given from Mr. Seat as to the DNA found in the swab, the anal swab, from the named victim as belonging to the defendant in the level of I believe it was 1.17 octillion.

So the court will deny the objection to the earlier presented opinion of the expert. I will deny the request to strike it, as that opinion has already been entered without objection.

And, [Defense counsel], you're certainly free to cross-examine on these issues as to the integrity of the testing, but the opinion has already been given without objection prior to the opinion, which is contrary to what occurred in the *Watkins* case.

Thus, the district court found two independent bases to deny Hernandez-Lopez's objection. The first basis was that the objection was untimely because the objection was not made until Seat was cross-examined; thus, it denied the motion to strike because it was untimely. The alternate, independent basis was that *Watkins* did not control; thus, it denied the objection because Seat's testimony was not inadmissible hearsay.

In his opening brief, Hernandez-Lopez does not challenge the district court's denial of the motion to strike as untimely; rather, Hernandez-Lopez's argument only addresses whether Seat's testimony was inadmissible hearsay. Where an appellant fails to challenge one of multiple alternative grounds upon which a judgment has been granted, we are obligated to affirm. *Goodwin*, 131 Idaho at 366-67, 956 P.2d at 1313-14. As a result, we must affirm on the unchallenged basis that the objection was untimely.[1]

## IV.

## CONCLUSION

Hernandez-Lopez failed to challenge the district court's alternative ruling that the objection to Seat's testimony was untimely, so we affirm on that unchallenged basis. Hernandez-Lopez's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

---

[1] In his reply brief, Hernandez-Lopez argues that the district court did not hold the motion to strike was untimely. However, we decline to address arguments raised for the first time in a reply brief. *State v. Kimbley*, 173 Idaho 149, 160, 539 P.3d 969, 980 (2023).

4