**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51980 & 51981**

| | |
|---|---|
| In the Interest of: John Doe (2024-36)    ) <br> Juvenile Under Eighteen (18) Years of Age.  ) <br> **STATE OF IDAHO,**                   ) <br>                              ) <br>         **Petitioner-Respondent,**   ) <br>                              ) <br> **v.**                                ) <br>                              ) <br> **JOHN DOE (2024-36),**         ) <br>                              ) <br>         **Juvenile-Appellant.**      ) <br>                              ) | **Opinion Filed: March 25, 2026** <br><br> **Melanie Gagnepain, Clerk** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Barry Wood, District Judge. Hon. Jeremy L. Pittard, Magistrate.

Judgment of the district court, in its appellate capacity, affirming the magistrate court's decree and order waiving juvenile jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

John Doe appeals from the district court's judgment, on intermediate appeal from the magistrate court, affirming the magistrate court's decree and order waiving juvenile jurisdiction over Doe and ordering Doe's charges to proceed in adult criminal court. On appeal, Doe argues the district court erred in affirming the magistrate court's decree and order because the magistrate court improperly considered Idaho Code § 20-508(8)(a), (b), and (e) and relied primarily on the existence of Doe's second pending juvenile petition in its waiver decision. The magistrate court did not err in its consideration of I.C. § 20-508(8)(a), (b), and (e). Accordingly, the district court did not err in affirming the magistrate court's decree and order waiving juvenile jurisdiction over Doe. The district court's judgment, on intermediate appeal, is affirmed.

1

# I.

## FACTUAL AND PROCDERUAL BACKGROUND

This appeal involves two consolidated cases. In Docket No. 51980, the State filed a petition under the Juvenile Corrections Act (JCA) charging Doe with felony possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1); grand theft by receiving, retaining, or concealing stolen property, I.C. §§ 18-2403(4), -2407(1); possession of drug paraphernalia, I.C. § 37-2734A(1); providing false information to law enforcement, I.C. § 18-5413(2); and commercial burglary, I.C. § 18-1401A. The magistrate court placed Doe on house arrest and ordered, among other release conditions, a 7:00 p.m. curfew for Doe. One month later, in Docket No. 51981, the State filed a second JCA petition charging Doe with felony possession of a controlled substance, amphetamines, I.C. § 37-2732(c)(1); destruction, alteration, or concealment of evidence, I.C. § 18-2603; possession of drug paraphernalia, I.C. § 37-2734A(1); and providing false information to law enforcement, I.C. § 18-5413(2).

The State filed a motion for a waiver of jurisdiction under the JCA in each case pursuant to I.C. § 20-508(1)(c) and listed five factors, enumerated in I.C. § 20-508(8), for the waiver. Following an evidentiary hearing, the magistrate court found waiver was appropriate and granted the State's motion in each case. Doe moved for reconsideration and argued that the magistrate court improperly interpreted I.C. § 20-508(8)(a); the motion was denied following a hearing. Doe then appealed to the district court and moved to stay the adult criminal proceedings pending the appeal; the district court granted Doe's motion to stay.

On intermediate appeal, Doe argued that even accepting the magistrate court's findings of fact as true and its interpretation of I.C. § 20-508(8) as correct, the magistrate court abused its discretion by improperly weighing the statutory factors. Doe then challenged the magistrate court's analysis on several of the I.C. § 20-508(8) factors: the seriousness of the offense, I.C. § 20-508(8)(a); whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner, I.C. § 20-508(8)(b); whether the alleged offense was against persons or property, I.C. § 20-509(8)(c); the maturity of Doe, I.C. § 20-508(8)(d); and Doe's record and previous history of contacts with the juvenile justice system, I.C. 20-508(8)(e). The State responded that Doe's appeal was not properly before the district court because Doe had not been found to be within the purview of the JCA. Alternatively, the State argued that the magistrate court did not abuse its discretion in weighing the discretionary factors set forth in I.C. § 20-508(8).

The district court first found that Doe's appeal was properly before the court. Next, the district court reiterated that the decision to waive juvenile jurisdiction is discretionary with the magistrate court and would be upheld unless an abuse of discretion existed. The district court then addressed each prong of the abuse of discretion standard and found the magistrate court did not act outside the bounds of its discretion or incorrectly apply the legal standard for evaluating whether juvenile jurisdiction should be waived. The district court also concluded the magistrate court reached its decision by an exercise of reason. As a result, the district court, on intermediate appeal, affirmed the magistrate court's decision to waive juvenile jurisdiction. Doe appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Doe argues the district court erred in affirming the magistrate court's decree and order waiving juvenile jurisdiction because the magistrate court improperly considered the existence of Doe's second pending juvenile petition as relevant under I.C. § 20-508(8)(a), (b), and (e). Doe argues that although the magistrate court discussed the factors set forth in I.C. § 20-508(8), the court relied primarily on the fact that Doe had two pending petitions. Doe further argues that

3

notwithstanding the fact that he had two pending petitions, the existence of the petitions did not make the offenses more serious within the meaning of I.C. § 20-508(8)(a); did not make the offenses premeditated within the meaning of I.C. § 20-508(8)(b); and did not bear on Doe's record and previous history of contacts with the juvenile corrections system within the meaning of I.C. § 20-508(8)(e). The State argues the magistrate court's consideration of Doe's successive charges and multiple petitions was proper under the relevant factors, the magistrate court's findings are supported by substantial and competent evidence, and the district court did not err in affirming the magistrate court.

Under the JCA, juvenile courts have exclusive, original jurisdiction over any juvenile who engages in an act or omission in the state of Idaho that "is a violation of any federal, state, local or municipal law or ordinance which would be a crime if committed by an adult." I.C. § 20-505(2). Such jurisdiction may only be retained until the juvenile reaches twenty-one years of age. I.C. § 20-507. However, an adult criminal court may obtain jurisdiction over a juvenile when the juvenile court enters an order waiving jurisdiction. I.C. §§ 20-508; -509. A juvenile court may waive jurisdiction if the juvenile is at least fourteen years of age and committed an act that would be a crime if committed by an adult. I.C. § 20-508(1)(b).

The decision to waive a juvenile into adult court is a discretionary decision governed by statute. *In re Doe*, 147 Idaho 243, 250, 207 P.3d 974, 981 (2009) (holding magistrate court's waiver decision is discretionary and must be analyzed under I.C. § 20-508(8)). When deciding whether to waive jurisdiction, the magistrate court shall consider: (1) the seriousness of the offense and whether the protection of the community requires isolation of the juvenile beyond that afforded by juvenile facilities; (2) whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner; (3) whether the alleged offense was against persons or property, with greater weight being given to offenses against persons; (4) the maturity of the juvenile as determined by considerations of his home, environment, emotional attitude, and pattern of living; (5) the juvenile's record and previous history of contacts with the juvenile corrections system; and (6) the likelihood that the juvenile will develop competency and life skills to become a contributing member of the community by use of the facilities and resources available to the court. I.C. § 20-508(8)(a)-(f). The court's determination that the juvenile is not a fit and proper subject to be dealt with under juvenile court law may be based on any one or a combination of statutory factors.

I.C. § 20-508(g). Like the court's decision as to waiver itself, the amount of weight to be given to each factor is discretionary. *In re Doe*, 147 Idaho at 251, 207 P.3d at 982.

The magistrate court found that several statutory factors governing its decision weighed in favor of waiving juvenile jurisdiction. On intermediate appeal, the district court found substantial and competent evidence supported the magistrate court's findings for the three factors relied upon by the magistrate court.

**A. Idaho Code § 20-508(8)(a): The Seriousness of the Offense**

Doe argues that the fact that he had two pending juvenile petitions does not make the offenses within those petitions more serious because the offenses charged in the second petition were not more serious than those charged in the first petition, and thus, the existence of the second petition should not have weighed into the statutory analysis. The State argues the magistrate court correctly considered that Doe accumulated four serious felony charges in less than one month and that two of the felonies were committed while Doe was on house arrest following the filing of the first petition. The State further argues that given the potential sentences for each of the felony charges and Doe's age, the magistrate court would lose jurisdiction long before the maximum potential sentences could be served and thus, the magistrate court properly considered whether Doe's potential time in the juvenile corrections system would be sufficient.

At the waiver hearing, in addition to its finding that the offense in the first petition was "very serious," the magistrate court noted, "I let [Doe] out under a strict term of release. And then all of a sudden, he gets new charges that are very similar." The magistrate court further found, "I do think this a serious offense and I do question a little bit if time in the juvenile system is enough." The magistrate court did not err in considering Doe's second petition when it weighed the seriousness of Doe's charges. Nothing in I.C. § 20-508(8)(a) precludes the magistrate court from considering all of a juvenile's pending petitions. The Idaho Supreme Court has held that I.C. § 20-508(8)(a) "looks only to the seriousness of the crime, and the need for community protection." *State v. Cota-Medina*, 163 Idaho 593, 600, 416 P.3d 965, 972 (2018). Further, nothing in the statute requires an assessment of whether a subsequent petition contains charges that are more serious than the charges in the first petition. There is substantial and competent evidence concerning the seriousness of the offenses. Doe accumulated four felonies within one month: two charges of possession of a controlled substance, one charge of grand theft, and one charge of destruction, alteration, or concealment of evidence. Each felony charge is a serious offense. The

5

magistrate court did not err when it considered all the charges in both petitions in its analysis of I.C. § 20-508(8)(a). Accordingly, the district court did not err in affirming the magistrate court's findings under this factor.

**B.      Idaho Code § 20-508(8)(b):  Whether the Alleged Offense was Committed in an Aggressive, Violent, Premeditated, or Willful Manner**

Next, Doe argues the magistrate court's findings of premeditation and willfulness, "especially in the second case," was error because the second case, as alleged, does not involve greater premeditation than the first case. Doe argues there is no evidence in the record that he "consciously considered or planned" the acts that led to the second case. The State argues the magistrate court correctly found Doe's actions demonstrated premeditation, but regardless, the magistrate court also found Doe's actions to be willful, which is an independent basis for waiver under this factor.

The magistrate court found Doe's actions were premeditated and willful, noting again that while on house arrest in the first case, Doe received "another felony for almost the exact same thing where [Doe] apparently lied to the officers and was very deceitful." Although Doe challenges the finding of premeditation, he does not challenge the magistrate court's alternate finding that his actions were willful. Where a trial court's ruling rests on an unchallenged, alternative ground, the appellate court must affirm. *See Grove v. State*, 161 Idaho 840, 855-56, 392 P.3d 18, 33-34 (Ct. App. 2017); *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998). Because Doe does not challenge the alternate basis, we affirm the magistrate court's finding as affirmed on intermediate appeal. As such, we need not address premeditation as a factor.

**C.      Idaho Code § 20-508(8)(e):  Juvenile's Record and Previous History of Contacts with the Juvenile Corrections System**

The next factor the magistrate court considered was Doe's record and previous history of contacts with the juvenile corrections system. In his brief, Doe acknowledges he had previous contacts with the juvenile corrections system. Prior to the cases at issue on appeal, Doe had been placed on a six-month diversion program for driving under the influence and providing false information to law enforcement. As part of the program, Doe completed drug and alcohol treatment and community service. However, Doe argues the magistrate court did not discuss these prior contacts as part of its waiver analysis but instead, "emphasized the fact that there were two pending cases." Doe argues being subject to two pending petitions does not constitute "contact[ ]

6

with the juvenile corrections system" because a pending petition does not involve any of the programming or treatment set forth in the JCA. The State argues the magistrate court found Doe had been charged in a prior JCA case that resulted in a diversion program and then emphasized the successive nature of Doe's charges in the current cases. The State further argues that a magistrate court "may consider successive charges, petitions, and violations of pretrial release when analyzing a juvenile's history and previous contacts with the juvenile corrections system under factor (e)" and cites *Interest of Doe*, 167 Idaho 249, 258, 469 P.3d 36, 45 (Ct. App. 2020) in support of its argument.

We disagree with Doe's argument that contact with the juvenile corrections system under I.C. § 20-508(8)(e) must involve programming or treatment. Doe had contact with the juvenile corrections system by incurring a prior JCA case that resulted in a diversion program and two pending JCA petitions. Further, while on supervised release and strict house arrest for the first pending petition, Doe received two felony charges and two misdemeanor charges in the subsequent petition. The facts in this case are not unlike the facts in *Interest of Doe*. There, "[o]ver the course of approximately fifteen months, [the juvenile] had a multitude of contacts with the juvenile corrections system stemming from cases involving petit theft, possession of a controlled substance, grand theft by receiving a stolen firearm, and possession of sexually exploitative material." *Id.* at 258, 469 P.3d at 45. Moreover, "both times the magistrate court released [the juvenile] on supervised pretrial release, he violated the terms of the release." *Id*.

Doe argues *Interest of Doe* is inapplicable because the juvenile in that case faced more serious charges. While it is true the juvenile in *Interest of Doe* faced more serious charges, and a greater number of charges, we do not find the severity or the number of charges to be dispositive of the analysis in I.C. § 20-508(8)(e). The statute references both the juvenile's record and previous history of contacts with the juvenile corrections system and in this case, the magistrate court considered Doe's record *and* previous history of contacts with the juvenile corrections system. As this Court held in *Interest of Doe*, the statute *does not* include any language that would restrict the magistrate court's consideration of the juvenile's record to a certain period of time. *Id*. at 258, 469 P.3d at 45. In this case, Doe received two felony charges and two misdemeanor charges, and one month later, while on strict house arrest, received new felony and misdemeanor charges of a similar nature. As we also held in *Interest of Doe*, the magistrate court in this case correctly considered Doe's "quick escalation in criminal behavior and commission of offenses

7

while being closely monitored by juvenile probation." *Id*. at 259, 469 P.3d at 46. The district court did not err in affirming the magistrate court's findings under this factor.

Substantial and competent evidence supports the magistrate court's findings. The magistrate court did not err in its consideration of the factors set forth in I.C. § 20-508(8) and its conclusion that waiving juvenile jurisdiction of Doe was appropriate. Accordingly, the district court, in its intermediate appellate capacity, did not err in affirming the magistrate court.

## IV.

## CONCLUSION

The magistrate court did not err in considering Doe's second pending JCA petition and the factors set forth in I.C. § 508(8)(a), (b), and (e) in its decision to waive juvenile jurisdiction of Doe in Docket Nos. 51980 and 51981. The district court, in its intermediate appellate capacity, did not err in affirming the magistrate court's decree and order. Therefore, the judgment of the district court, on intermediate appeal from the magistrate court, is affirmed.

Judge GRATTON and Judge LORELLO, **CONCUR**.